912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cephas Gene ROSE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-6354.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and HOLSCHUH*, Chief District Judge.
 PER CURIAM.
 
 
 1
 The claimant, Rose, filed his application for benefits on May 27, 1986, alleging a disability onset date of May 16, 1986 due to a lung infection and continuing kidney problems due to a kidney transplant. The Secretary denied his application initially and again upon consideration. A hearing was subsequently held before an ALJ, who issued a decision on May 7, 1987, concluding that the claimant was not disabled. On September 29, 1987, the Appeals Council remanded the case to the ALJ with specific instructions to obtain "independent evidence" regarding whether the claimant was engaged in substantial gainful activity from May 16, 1986 to November 30, 1986. We are concerned, then, in this case only with this six months plus two weeks period.
 
 
 2
 On remand, the ALJ considered the record and concluded that the claimant had engaged in substantial gainful activity from May 16, 1986 until November 30, 1986 by working at a farm with his son in both a physical and a supervisory capacity. Accordingly, the ALJ found that the claimant was disabled only after November 30, 1986. The Appeals Council denied review. The district court adopted the magistrate's report and recommendation and affirmed the denial of benefits prior to November 30, 1986.
 
 
 3
 The only issue raised on appeal is whether substantial evidence supports the Secretary's conclusion that the claimant was not disabled or rather engaged in substantial gainful activity between May 16, 1986 and November 30, 1986.
 
 
 4
 The record indicates a number of continuing medical and physical problems encountered by Rose during 1986 due primarily to a previous kidney transplant and resulting complications. We have studied the record carefully, including the prior recommendations of the magistrate and the brief opinion of the district court.
 
 
 5
 We conclude that we will AFFIRM the decision of the district court that Rose was not disabled on May 16, 1986, but we will REVERSE the decision for the period beginning August 21, 1986. As a consequence, we decide that claimant Rose is entitled to benefits beginning August 21, 1986, but not before.
 
 
 6
 We REMAND, accordingly, for an award of benefits for the period August 21, 1986 to November 30, 1986.
 
 
 
 *
 THE HONORABLE JOHN D. HOLSCHUH, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation